**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY,
962 Wayne Ave., Suite 610
Silver Spring, MD 20910

       *Plaintiff*,

v.

DEPARTMENT OF THE INTERIOR,
OFFICE OF THE SECRETARY
1849 C St. NW,
Washington, DC 20240

       *Defendant*.

CIVIL ACTION NO. 25-3971

**COMPLAINT**

## PRELIMINARY STATEMENT

1. Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, to compel the United States Department of the Interior's Office of the Secretary ("DOI OS") to disclose records that PEER requested pursuant to FOIA that are now over four months overdue for a determination of whether to comply with the request and the reasons therefore. DOI OS has neither made a determination nor produced satisfactory records on this request.

2. On June 6, 2025, PEER submitted a FOIA request for information concerning Secretary Doug Burgum's plan to consolidate human resources, information technology, communications, finance, and other administrative functions throughout Interior agencies. To date, Defendant has failed to make a final determination on PEER's FOIA request and has failed to disclose all of the requested records within the time stipulated under FOIA.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

4. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

5. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

6. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

**PARTIES**

7. Plaintiff PEER is a non-profit public interest organization incorporated in Washington, D.C., and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, and Massachusetts.

8. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including public lands and natural resource management, the regulation and remediation of toxic substances, public funding of environmental and natural resource agencies, and government accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

9. Defendant DOI OS is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

10. DOI OS is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. The failure of DOI OS to provide PEER with the

records requested and its failure to make a final determination on PEER's FOIA request within twenty working days are violations of FOIA.

## **STATEMENT OF FACTS**

11. On June 6, 2025, PEER submitted a FOIA request to DOI OS seeking the following:

    a. A summary itemizing the reallocation of staff and other resources to accomplish the proposed consolidation;

    b. A roster by location (i.e., national park, BLM field office, or other Interior Department unit) of those positions being reassigned from Department of Interior (DOI OS) agencies into DOI OS itself to accomplish this consolidation;

    c. The timeline for the transfer referenced in #2, above;

    d. The latest estimate of, and basis for, any overall cost savings to taxpayers as a result of this consolidation; and

    e. Internal costs assessed to individual DOI OS bureaus or agencies, such as the National Park Service (NPS) for each employee subject to the consolidation, by the DOI OS, including a) whether such costs assessments are one-time or ongoing; and b) whether such assessments are levied on each NPS unit or against NPS as a whole.

12. On June 10, 2025, DOI OS sent an email to PEER acknowledging receipt of the request and assigning the request tracking number DOI-2025-007053. Further, DOI OS stated that the request fell into the "Normal" processing track for requests, and such requests generally take six to twenty workdays to process.

13. On August 28, 2025, PEER sent an email to DOI OS requesting a status update on the request. DOI OS has yet to respond to PEER's email.

14. On September 9, 2025, DOI OS sent an email to PEER stating that the FOIA Office received the records and should have an interim response to PEER by the end of September.

15. On September 18, 2025, DOI OS sent PEER an interim response and production.

16. On September 26, 2025, PEER sent an email to DOI OS pointing out that the interim production was not satisfactory and requested a production schedule and an expected date for final production and determination.

17. On November 14, 2025, DOI OS sent an email to PEER stating that it had completed searches for the request and hoped to have final response to PEER by February 27, 2026. DOI OS failed to provide an interim production schedule.

18. To date, PEER has not received a final determination or satisfactory production related to this request.


**CAUSE OF ACTION**

19. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

20. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

21. FOIA requires agencies to determine within twenty working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional ten working days in "unusual circumstances."

5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

22. Twenty working days from PEER's request was July 8, 2025.

23. At no time has DOI OS claimed that "unusual circumstances" warrant the ten working day extension available under 5 U.S.C. § 552(a)(6)(B)(i). Regardless, an extension of ten working days on the request would have been July 22, 2025.

24. As of the date of this filing, PEER has not received a final determination on its FOIA request and DOI OS has not made all relevant records "promptly available." DOI OS's response to the FOIA request described above is now over four months overdue for a determination and "prompt" release of the relevant records.

25. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for the FOIA request described in this complaint, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

26. Defendant's conduct amounts to a denial of PEER's FOIA request. DOI OS is frustrating PEER's efforts to adequately understand Secretary Burgum's plan to consolidate human resources, information technology, communications, finance, and other administrative functions throughout Interior agencies.

27. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the DOI OS to immediately make a determination and produce the records sought in PEER's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

28. Defendant's failure to make a determination on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i.   Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii.  Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

iv.  Award Plaintiff attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.   Grant such additional and further relief to which Plaintiff may be entitled.


Respectfully submitted on November 17, 2025,


__/s/  *Colleen Zimmerman*_____
Colleen Zimmerman, DC Bar # 90003410
Public Employees for Environmental
Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 464-2293
czimmerman@peer.org

*Attorney for Plaintiff*